IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JONATHAN KUROWSKI,

     Plaintiff,

v.                                             1:22-cv-00079-MIS-LF

SHAUN SLATE, MATTHEW LOPEZ,
JUSTIN GARCIA, HEIDI ADAMS,
and JACK'S TOWING YARD,

     Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court on Defendants Shaun Slate, Matthew Lopez, Justin Garcia, and Heidi Adams' Joint *Martinez* Report, filed on September 19, 2022. Doc. 27. As requested, *id.* at 2, the Court construes the *Martinez* Report as defendants' Motion for Summary Judgment. Plaintiff Jonathan Kurowski filed a response on October 11, 2022. Doc. 30. Defendants filed a reply on October 20, 2022. Doc. 33. United States District Judge Margaret Strickland referred this matter to me for a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3). Doc. 26. Having reviewed the briefing and the relevant law, and being fully informed of the premises, I recommend that the Court GRANT defendants' motion for summary judgment on all federal claims, and remand the state claims to state court.

**I.    Factual Background**

On the evening of August 17, 2020, Jonathan Kurowski sat parked in an Avis rental car in Tucumcari, New Mexico, when Sergeant Shaun Slate and Officer Justin Garcia of the Tucumcari Police Department (TPD) pulled up behind him in a patrol car and activated their spotlight. Doc. 1-1 at 2; Doc. 27 at 2 & Undisputed Material Facts ("UMFs") 2, 4. The officers

were responding to an anonymous report that a "suspicious vehicle" matching the description of Kurowski's rental had been driving slowly "around and around" the caller's neighborhood and was now parked on the street. Doc. 27-1 at 1, 3. In response to the officers' requests for identification, Mr. Kurowski gave a false name—Steven Gutierrez—false date of birth, and a series of inaccurate pieces of information about his driver's license. Doc. 27-2 at 11–13. He explained that he was driving from Missouri to San Bernardino, California, to visit his sick mother, but was vague and inconsistent when asked about his rental car and his stop in Tucumcari. *Id.* at 12–13. Mr. Kurowski's name did not appear on the rental car contract;[1] over the phone, a friend told the officers that his girlfriend had rented the car. *Id.* at 12. According to the officers, Mr. Kurowski was exceptionally nervous throughout their interaction and was parked outside a "known narcotics house." *Id.* at 2.

While the officers waited to confirm information about the rental car and Mr. Kurowski's identity, Sergeant Slate ran a K-9 around the car, which indicated the presence of drugs. *Id.* at 4, 16. When questioned, Mr. Kurowski stated that he had "a little nug" of marijuana in his backpack, but he would not consent to a search of the vehicle. *Id.* at 16–17. At this point, Sergeant Slate decided to "seize the car for a search warrant." *Id.* at 18. He consulted with Assistant District Attorney Heidi Adams, who advised him to obtain a search warrant, and he also requested a tow truck. *Id.* at 4–5, 17–18, 24; Doc. 27-6 at 1. After Mr. Kurowski admitted to lying about his date of birth and provided another date of birth,[2] dispatch informed Officer

---

[1] Officers later learned that the vehicle was rented by a woman named Alison Nelson. Doc. 27-3 at 9. Ms. Nelson was paid to rent the car by an unidentified woman and does not know Mr. Kurowski. Doc. 27-9 at 1–2.

[2] Mr. Kurowski also provided his social security number, though it does not appear that officers ran it. Doc. 27-3 at 11.

Garcia that they had found a valid ID on record in San Bernardino. Doc. 27-3 at 12. Mr.

Kurowski stated that he had lied about his information because he didn't have a driver's license.

*Id.* at 12. Shortly thereafter, Officer Garcia arrested him for concealing identity. *Id.* at 3, 13.

While waiting for the tow truck, Sergeant Slate conducted a tow inventory of Mr.

Kurowski's car. Doc. 27-2 at 5. In the driver's side door pocket, he found a wallet containing an

ID, which disclosed Mr. Kurowski's real name, and a stolen handgun. *Id.* Co-defendant Jack's

Truck Repair towed the car to its lot that night, and the officers returned the next morning with a

search warrant. *Id.* at 6. They found, *inter alia*, two more handguns, some marijuana and

paraphernalia, and Mr. Kurowski's phone, which displayed directions to a single-family

residence in San Bernardino, California. *Id.* at 6–7. After searching the vehicle, Sergeant Slate

contacted Avis Car Rental and informed them of the location of the rental car. *Id.* at 8. Three

days later, on August 21, 2020, Sergeant Slate informed Mr. Kurowski that they had searched the

car and lifted the police hold on it, and that Mr. Kurowski would have to contact Avis or Jack's

Towing to retrieve his belongings that remained in the car.[3] *Id.* at 32–33. On August 27, 2020,

the car was towed to Avis in Amarillo, Texas. Doc. 27-4 at 2. It appears that Mr. Kurowski was

not informed of this until March 2022, and he never retrieved his belongings that remained in the

car. *See id*. at 1–2.

Mr. Kurowski was incarcerated in New Mexico and prosecuted in New Mexico State

Court for being a felon in possession of a firearm, receiving stolen property, and for concealing

---

[3] In a letter dated September 27, 2021, Sergeant Slate reiterated that Mr. Kurowski's family
would have to contact the rental company to obtain any personal property that remained in the
case. Doc. 27-4 at 1. Sergeant Slate also provided a list of the 26 items that were collected as
evidence, which would only be released with authorization from the District Attorney's Office.
*Id.*

his identity. Doc. 27-3 at 15–18; Doc. 27-6 at 1; *see also* Doc. 27-7 at 1; Doc. 27-8 at 1. He pled

guilty to all charges on November 24, 2021, and was sentenced to a three-year term, 631 days of

which were suspended. Doc. 11-4; Doc. 11-5; Doc. 27 at 17. In December 2021, he was

extradited to Missouri, where he currently is serving a ten-year sentence in a state corrections

facility. Doc. 11-6; Doc. 27 at 17.

## II.   Procedural Background

Mr. Kurowski originally filed his complaint on October 7, 2021, in the First Judicial

District, State of New Mexico, County of Santa Fe. Doc. 1-1. Defendants timely removed the

case based on federal question jurisdiction to this Court on February 2, 2022. Doc. 1 at 1–2. In

his complaint, Mr. Kurowski alleges the following claims against the moving defendants:

1.  Sergeant Slate tampered with evidence by conducting an inventory search of the rental
    car, Doc. 1-1 at 5 (Claim 1);

2.  Sergeant Slate (and "his team") violated Mr. Kurowski's constitutional rights by
    conducting two warrantless searches on the rental car, and negligently depriving him of
    his property, including by failing to follow TPD procedure, *id.* (Claim 2);

3.  The Tucumcari Police Department negligently mishandled and lost Mr. Kurowski's
    property, which violated his "inherent rights," *id.* at 6 (Claim 3);

4.  Sergeant Slate and Assistant District Attorney Heidi Adams committed perjury,
    tampered with public records, and violated Mr. Kurowski's due process rights by
    "lying" in the expedited motion for pretrial detention that there was a search warrant,
    and that Sergeant Slate did so by stating that he had conducted a tow inventory, *id.* at 6–
    8 (Claims 4, 5, and 6); and

5.  Sergeant Slate neglected to follow TPD guidelines and by not conducting a tow

inventory, which caused Mr. Kurowski to lose the property that was in the rental car, *id.* at 8 (Claim 7).[4]

Because Mr. Kurowski is a pro se litigant, the Court construes his complaint liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court understands the above allegations to raise claims under 42 U.S.C. § 1983, in addition to state law claims.[5]

On August 17, 2022, the Court ordered defendants to supplement the record by filing a *Martinez* report. Doc. 23. Defendants filed their *Martinez* report, which includes a thorough statement of undisputed facts and several exhibits, on September 19, 2022. Doc. 27. Because Mr. Kurowski does not, in his response, specifically dispute any facts proffered by the *Martinez* report, the Court takes those facts as undisputed. *See* Doc. 30; D.N.M. LR-Civ. 56(b) ("All

---

[4] Both Judge Strickland and the moving defendants appear to view Mr. Kurowski's complaint as alleging that he was illegally seized when the officers asked him for his identification, questioned him further, ran a K-9 around his car, then arrested him for concealing his identity. *See* Doc. 23 at 1 ("[Mr. Kurowski] contends Defendants seized him without reasonable suspicion . . . ."); *see also* Doc. 27 at 20–24 (addressing whether Sergeant Slate and Officer Garcia violated any of Mr. Kurowski's constitutional rights—federal or state—by approaching him, asking for his identification, briefly detaining him while conducting further investigation, and ultimately arresting him). I do not understand Mr. Kurowski to be making this claim. In his complaint, Mr. Kurowski focuses entirely on the search and seizure of the rental car, and the loss of his personal belongings within that car. *See* Doc. 1-1 at 4–8. Further, Mr. Kurowski does not contest defendants' motion on any ground unrelated to the failure to follow the TPD tow policy and the purported lack of a search warrant. *See* Doc. 30 at 1–2. If, however, Mr. Kurowski *did* intend to allege a claim that the seizure of his person violated his constitutional rights, I would recommend that the Court dismiss that claim with prejudice for the reasons stated at pages 20 to 24 of defendants' motion (Doc. 27). I also would find that any claim that he was unconstitutionally seized is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as argued on page 31 of defendants' motion (Doc. 27).

[5] Mr. Kurowski's federal civil rights claims are timely: § 1983 borrows its statute of limitations from the relevant state law, in this case the three-year limit imposed by the New Mexico Civil Rights Act. *See Desert State Life Mgmt. Servs. v. Ass'n of Retarded Citizens of Albuquerque*, 939 F. Supp. 835, 837 (D.N.M. 1996) (citing *Clark v. Musick*, 623 F.2d 89, 90 (9th Cir.1980)); N.M. STAT. ANN. §§ 41-4A-1 et seq. Mr. Kurowski's claims concern events that occurred on or after August 17, 2020, and thus are well within the statute of limitations.

material facts in the Memorandum will be deemed undisputed unless specifically controverted.").

## III.   Discussion

The moving defendants assert that they are entitled to summary judgment on each of Mr. Kurowski's claims. Doc. 27. Defendants assert that Sergeant Slate and Officer Garcia are entitled to qualified immunity on each of Mr. Kurowski's federal claims save his allegation of perjury; on that allegation, they assert that no state or federal civil law claim lies. *Id.* at 20–28.[6] Defendants assert that Assistant District Attorney Adams is entitled to absolute immunity for her advocacy while prosecuting Mr. Kurowski. *Id.* at 28–29. Regarding the state civil rights claims, defendants assert that Mr. Kurowski has waived any search and seizure and due process claims by voluntarily pleading guilty to the charges brought against him by the State of New Mexico. *Id.* at 33–34. Lastly, defendants point out that Mr. Kurowski makes no claims against Officer Matthew Lopez, so the case against him should be dismissed.  *Id.* at 34.

In response, Mr. Kurowski first argues that Sergeant Slate and Officer Garcia failed to follow TPD policies for conducting the inventory of the rental car, which caused him to lose his personal property. Doc. 30 at 1. Second, he asserts that the search warrant attached to defendants' motion was not a warrant for the rental car he was driving. *Id.* at 2. Finally, he says that his lawyer wrote him a letter in May 2022 stating that he (the lawyer) did not receive a copy of the search warrant in discovery, which Mr. Kurowski says violated his due process rights.

---

[6] Defendants also assert that Mr. Kurowski's Fourth Amendment search and seizure claim is *Heck*-barred. Doc. 27 at 31–32; *see Heck v. Humphrey*, 512 U.S. 477 (1994). Because I resolve the claims related to the search and seizure of the rental car on other grounds, I do not address this issue.

Defendants have rectified the issue regarding the incorrect warrant; the correct warrant was attached to a notice of errata. Docs. 32, 32-1. Regarding Mr. Kurowski's new claim that his due process rights were violated because he did not receive a copy of the search warrant in discovery, he cannot amend his complaint in a response to a motion for summary judgment. Regarding Mr. Kurowski's federal claims, the record discloses no genuine dispute as to any material fact, and defendants are entitled to summary judgment as to all the federal claims against them. Regarding Mr. Kurowski's remaining state claims, I recommend that the Court decline to exercise supplemental jurisdiction over those claims.

### A. Legal Standards

Rule 56 of the Federal Rules of Civil Procedure states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, a dispute is genuine "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way," and it is material "if under the substantive law it is essential to the proper disposition of the claim." *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013) (internal quotation marks omitted). Initially, the party seeking summary judgment has the burden of showing that there is no genuine dispute as to any material fact. *See Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993). Once the moving party meets its burden, the non-moving party must show that genuine issues remain for trial. *Id.* In reviewing a motion for summary judgment, the Court views the evidence and all reasonable inferences

therefrom in the light most favorable to the non-moving party. *S.E.C. v. Thompson*, 732 F.3d 1151, 1156-57 (10th Cir. 2013) (internal quotation marks omitted).

Summary judgment motions involving a qualified immunity defense are decided somewhat differently than other summary judgment motions. *See Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995). "When a defendant raises the qualified immunity defense on summary judgment, the burden shifts to the plaintiff to meet a strict two-part test." *Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir. 2000). This is a heavy burden for the plaintiff. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (citing *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995)). "'First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue.'" *Nelson*, 207 F.3d at 1206 (quoting *Albright*, 51 F.3d at 1534–35). The Court will grant qualified immunity if the plaintiff fails to meet either part of the qualified immunity test. *Smith v. Cochran*, 339 F.3d 1205, 1211 (10th Cir. 2003) (internal quotation marks omitted). The Court need not address the two-part qualified immunity test in order; it has discretion to decide either prong first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). "If, and only if," the plaintiff establishes both elements of the qualified immunity test does a defendant bear the traditional burden of showing "'that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.'" *Nelson*, 207 F.3d at 1206 (quoting *Albright*, 51 F.3d at 1535)). In other words, although the court "review[s] the evidence in the light most favorable to the nonmoving party, the record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity." *Medina*, 252 F.3d at 1128 (citation omitted).

8

**B.  Because neither search violated any federal statutory or constitutional rights, defendants are entitled to qualified immunity for both searches of the rental car.**

Sergeant Slate and Officer Garcia conducted two searches of the rental car: a tow inventory on August 17, 2020,[7] and an investigatory search authorized by warrant on August 18, 2020. Doc. 27 at 13–15; Doc. 32-1. Mr. Kurowski alleges that each search was conducted without a warrant and therefore violated his Fourth Amendment rights. Doc. 1 at 5–6. Defendants contend that they are entitled to qualified immunity for the tow inventory, quasi-judicial immunity for their execution of the search warrant, and qualified immunity for the manner in which they executed the warrant. *See* 27 at 24–28. The burden therefore shifts to Mr. Kurowski to show that defendant's actions violated a clearly established right. *Nelson*, 207 F.3d at 1206. Because tow inventories do not require a warrant and seizure of the rental car was justified by probable cause, and because the second search was authorized by a warrant, neither search violated Mr. Kurowski's rights. Defendants are entitled to qualified immunity on both federal search and seizure claims.

"Inventory searches are a well-defined exception to the warrant requirement of the Fourth Amendment." *United States v. Kendall*, 14 F.4th 1116, 1124 (10th Cir. 2021) (quoting *Colorado v. Bertine*, 479 U.S. 367, 371 (1987)) (quotation marks omitted). Inventory searches made pursuant to standard police procedures and "reasonably related in scope to the underlying justification" do not offend Fourth Amendment principles. *Id.* at 1124–25. There exist at least four distinct justifications for a search of this nature: "the protection of the owner's property while it remains in police custody. . . the protection of the police against claims or disputes over lost or stolen property . . . the protection of the police from potential danger" and "community

---

[7] This search was conducted by Sergeant Slate alone; therefore, only he is implicated by allegations concerning this search. Doc. 27 at 13–14.

caretaking functions." *S. Dakota v. Opperman*, 428 U.S. 364, 369 (1976); *United States v. Lugo*, 978 F.2d 631, 635 (10th Cir. 1992) (citing *Cady v. Dombrowski*, 413 U.S. 433, 441 (1973)). The limited search at issue in this case would be justified by any of these rationales.

Here, TPD procedures permitted Sergeant Slate and Officer Garcia to impound a vehicle if "[t]he driver of the vehicle is taken into custody by the Police Department and the vehicle would be left unattended upon the street." Doc. 1-1 at 20. "For every vehicle towed or impounded, a Motor Vehicle Impoundment and Inventory report will be completed." *Id*. The undisputed facts show that Sergeant Slate and Officer Garcia had probable cause to arrest Mr. Kurowski for concealing his identity. The undisputed facts also show that the officers had probable cause to seize the car to obtain a search warrant. The Tenth Circuit consistently has held that probable cause is created when a trained dog alerts to the presence of drugs, as Sergeant Slate's K-9 did when examining the rental car.[8] *See United States v. Ludwig*, 641 F.3d 1243, 1250–51 (10th Cir. 2011) (citing *United States v. Parada*, 577 F.3d 1275, 1282 (10th Cir. 2009)). This probable cause—and Mr. Kurowski's refusal to consent to a search of the rental car— justified Sergeant Slate's decision to impound the car and obtain a search warrant. *United States v. Shelton*, 817 F. App'x 629, 634 (10th Cir. 2020) (Police may seize a vehicle without a warrant based on probable cause to believe it contains contraband). Having decided to impound the car, Slate's inventory search was consistent with TPD procedure, *see* Doc. 33-1, and its limited

---

[8] Mr. Kurowski does not cast doubt on the reliability of the K-9's alert. *Cf., e.g., United States v. Jordan*, 455 F. Supp. 3d 1247, 1255–59 (D. Utah 2020) (No probable cause where alleged K-9 alert was not an objectively clear communication). Likewise, although defendants provide briefing on these issues, Doc. 27 at 20–24, Mr. Kurowski does not challenge his detention by the officers or the actual use of the K-9. Even if he had, any rights violations caused by those actions would not, in a § 1983 context, taint the probable cause created by the K-9's alert. *See Shaw v. Schulte*, 36 F.4th 1006, 1017–18 (10th Cir. 2022) (Fruit-of-the-poisonous-tree doctrine does not apply to § 1983 claims).

scope—the driver's side door pocket, Doc. 27-2 at 5—was "reasonably related . . . to the underlying justification." *Kendall*, 14 F.4th at 1124–25. The search therefore was permitted by the Fourth Amendment.

Mr. Kurowski asserts that Sergeant Slate "went into the rental car with a motive of conducting and completing a tow inventory [but] failed to follow his own departments own policy and procedure guidlines [sic]" by failing to complete a tow inventory form.[9] *See* Doc. 1-1 at 5, 20. Setting aside the fact that Sergeant Slate apparently *did* fill out the relevant form, *see* Doc. 1-1 at 21, "claims based on violations of state law and police procedure are not actionable under § 1983." *Medina v. Cram*, 252 F.3d 1124, 1133 (10th Cir. 2001). Since Mr. Kurowski's allegations do not show that his federal rights were violated by the inventory search, Sergeant Slate is entitled to qualified immunity on this claim. I recommend that the Court dismiss this claim against Sergeant Slate with prejudice.

Likewise, despite an error in defendants' original motion and a letter from Mr. Kurowski's trial attorney, the record shows that the search conducted by Sergeant Slate and Officer Garcia on August 18, 2020, was pursuant to a search warrant. *See* Doc. 32-1; Doc. 30. Officers are entitled to qualified immunity when they execute a search warrant unless "it is obvious that no reasonably competent officer would have concluded that a warrant should issue" or unless they acted in an objectively unreasonable manner during the search. *Messerschmidt v. Millender*, 565 U.S. 535, 546–48 (2012); *see Harte v. Bd. of Commissioners of Cnty. of Johnson, Kansas*, 864 F.3d 1154, 1164 (10th Cir. 2017) ("The Fourth Amendment requires examination of

---

[9] On a later page, Mr. Kurowski asserts a due process claim because Sergeant Slate "lied and said he completed a tow inventory when no such inventory was done . . . Mr. Slate did not complete with his own departments policy [sic]." Doc. 1-1 at 7. This claim is duplicative and should be dismissed as well.

11

whether or not a search is conducted in a reasonable manner."). Mr. Kurowski does not

suggest—nor does the record—that the search warrant was defective or that the officers searched

the rental car in an unreasonable manner. Defendants are therefore entitled to qualified immunity

on the investigatory search. I recommend that the Court dismiss this claim with prejudice as to

Sergeant Slate and Officer Garcia.

### C.  Mr. Kurowski's allegation of negligent deprivation of property does not support a Fourteenth Amendment Due Process claim under § 1983.

Mr. Kurowski alleges that "when [his] property and personal belongings come into

possession by the Tucumcari Police Department and was than mishandled and lost due to the

officers negligence [his] inherent rights were violated [sic]." Doc. 1-1 at 6. He further alleges

that because "Mr. Slate neglect[ed] to follow T.P.D. procedure" by not listing all items in the

rental car on the tow inventory sheet, "[his] personal property & belongings are now missing."

*Id.* at 8. Defendants contend that, because the police hold on the rental car was released before

the car was released by the tow yard, any deprivation of Mr. Kurowski's property does not

constitute state action and is therefore not cognizable under § 1983. Doc. 27 at 29–31. On this

basis, defendants assert qualified immunity on any federal claims related to this deprivation. *Id.*

at 30. I agree that defendants are entitled to qualified immunity on these claims.

"To state a cause of action under 42 U.S.C. § 1983 for an alleged violation of the

Fourteenth Amendment and provisions of the Bill of Rights incorporated into the Fourteenth

Amendment, the challenged conduct must constitute state action." *Scott v. Hern*, 216 F.3d 897,

906 (10th Cir. 2000). Defendants cite *Dopp v. Loring*, 245 F. App'x 842 (10th Cir. 2007), for the

premise that the disposition of the rental car—and thus, Mr. Kurowski's property—does not

constitute state action after the release of the police hold on the vehicle. Doc. 27 at 29. In that

case, an impounded truck owned by the plaintiff was sold by the owner of the tow yard to pay

storage fees owed on the truck, as authorized by state statute. *See Dopp*, 245 F. App'x at 845–46. The Tenth Circuit concluded that, because "the State Defendants had released [the truck] to Dopp" before the sale, the sale of the truck was not state action, and the plaintiff did not state a claim under § 1983. *Id.* at 847.

Mr. Kurowski's loss of property was not accomplished through state action. The police hold on the vehicle was released, and Mr. Kurowski was informed of this release several days before Avis retrieved the car from the tow yard. Doc. 27, UMFs 41, 43. Whatever happened to Mr. Kurowski's belongings after this point is not the result of state action; there is no plausible case that the actions of either the tow yard or Avis were "fairly attributable to the State." *Dopp*, 245 F. App'x at 846 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Mr. Kurowski might be construed to argue that the defendants are responsible for this deprivation not because they placed the property beyond his reach, but because they negligently failed to adequately inventory the property while it was in their control or were negligent in their communication with Mr. Kurowski about the release of the police hold. It is unnecessary to decide whether the record or Mr. Kurowski's allegations contain evidence supporting such a theory because "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Therefore, defendants are entitled to qualified immunity on Mr. Kurowski's deprivation of property claim. I recommend that the Court dismiss this claim with prejudice as to the TPD defendants.

### D.  Mr. Kurowski's other potential federal claims should be dismissed with prejudice.

Mr. Kurowski alleges that defendants committed perjury during the investigation and prosecution, Doc. 1-1 at 7, and tampered with public records, *id.* at 8. The Tenth Circuit has

explicitly rejected civil claims for perjury in the absence of an authorizing statute, *see Richardson v. Albertson's, Inc.*, 229 F.3d 1164 (10th Cir. 2000), and the Court is not aware of any such federal statute that would authorize this claim. And although the Tenth Circuit has not ruled on civil claims for tampering with public records, there is no basis to believe that Mr. Kurowski could bring this claim in the absence of any authorizing statute. I therefore recommend the Court dismiss these claims—to the extent that they are federal claims—with prejudice.

Mr. Kurowski also alleges that Sergeant Slate and Assistant District Attorney Heidi Adams lied in an Expedited Motion for Pretrial Detention filed in state court. Doc. 1-1 at 6–8, 12. Despite Mr. Kurowski's allegations, nothing in that motion is inconsistent with the record. This claim is based in part on Mr. Kurowski's mistaken belief that no search warrant was issued for his rental car. This belief seems to stem from an erroneous statement made by ADA Heidi Adams during a status hearing, for which, as defendants argue, she has absolute immunity. *See Burns v. Reed*, 500 U.S. 478, 492 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 431. Because this motion was part of Ms. Adams' presentation of the State's case, she would be entitled to absolute immunity on this matter as well, even if the motion contained erroneous statements. *See Imbler*, 424 U.S. at 431. I recommend the Court dismiss all federal claims against Ms. Adams with prejudice.

Defendants also argue that Mr. Kurowski "names Officer Matthew Lopez as a defendant in the caption but includes no allegations in the body of the complaint about Officer Lopez." Having looked thoroughly at the body of the complaint, I agree. *See Brown v. City of Las Cruces Police Department*, 347 F. Supp. 3d 792, 805-06 (10th Cir. 2018) (Court may look to the body of a pro se complaint to determine the proper defendants). Therefore, I recommend the Court dismiss Matthew Lopez as a party defendant.

### E.  Mr. Kurowski's state law claims should be remanded to state court.

Federal courts are "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal courts have the authority to hear controversies arising under federal law—federal-question jurisdiction—and controversies arising between citizens of different states—diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy. *Exxon Mobil Corp.*, 545 U.S. at 552; 28 U.S.C. § 1367(a). Federal courts may exercise pendent jurisdiction over state law claims when "state and federal claims . . . derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

"When all federal claims have been dismissed," however, "the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)). The Supreme Court has recognized:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.  Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*United Mine Workers*, 383 U.S. at 726. A district court does not "abuse [its] discretion" when it declines to exercise supplemental jurisdiction over a claim "under 28 U.S.C. § 1367(c)(3) . . . where it 'has dismissed all claims over which it has original jurisdiction.'" *Muller v. Culbertson*, 408 F. App'x 194, 197 (10th Cir. 2011) (unpublished). District courts usually should decline to exercise supplemental jurisdiction when 28 U.S.C. § 1367(c) applies. *See Armijo v. New Mexico*,

2009 WL 3672828, at *4 (D.N.M. 2009) (unpublished) ("The Supreme Court and the Tenth Circuit have not only acknowledged such a result, they have encouraged it.").

Defendants removed this case to federal court based on federal question jurisdiction and asserted that the Court had supplement jurisdiction over the remaining state law claims. Doc. 1. As discussed above, Sergeant Slate and Officer Garcia are entitled to qualified immunity as to all federal claims against them. Assistant District Attorney Heidi Adams is entitled to absolute immunity as to any federal claim against her. Mr. Kurowski's perjury and tampering with evidence claims do not state a federal cause of action. Officer Lopez has not been identified in any claim, so he should be dismissed from the lawsuit. Because I recommend that the Court dismiss all of Mr. Kurowski's federal claims, I recommend that the Court decline to exercise supplemental jurisdiction over his state law claims. I recommend that the Court remand the remaining state law claims to state court.

## IV.  Conclusion

For the reasons explained above, I recommend that the Court GRANT defendants' Shaun Slate, Matthew Lopez, Justin Garcia, and Heidi Adams' Motion for Summary Judgment (Doc. 27) with respect to all Mr. Kurowski's federal claims and dismiss those claims with prejudice. I recommend that the Court remand Mr. Kurowski's state law claims to the First Judicial District Court for the State of New Mexico.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.  *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court.  In other words, if no objections are filed, no appellate review will be allowed.**

Laura Fashing
United States Magistrate Judge

17