IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JONATHAN KUROWSKI,

      Plaintiff,

v.                                                    1:22-cv-00079-MIS-LF

SHAUN SLATE, MATTHEW LOPEZ,
JUSTIN GARCIA, HEIDI ADAMS,
and JACK'S TOWING YARD,

      Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court on Defendant Jack's Truck Repair, Inc.'s *Martinez* Report, filed on September 19, 2022.[1] Doc. 29. The Court construes the *Martinez* Report as defendant's Motion for Summary Judgment.[2] Plaintiff Jonathan Kurowski did not file a response. United States District Judge Margaret Strickland referred this matter to me for a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3). Doc. 26. Having reviewed the briefing and the relevant law, and being fully informed of the premises, I recommend that the Court GRANT defendant's motion for summary judgment on all claims.

---

[1] Jack's Truck Repair is named incorrectly on the docket as Jack's Towing Yard. *See* Doc. 29 at 1.

[2] Although defendant styles their motion as a Motion to Dismiss, the *Martinez* report plainly presents "matters outside the pleadings." FED. R. CIV. P. Rule 12(d). Therefore, the Court must convert the motion into a Motion for Summary Judgment. *Id.*; *see Ketchum v. Cruz*, 961 F.2d 916, 919 (10th Cir. 1992).

I. **Factual Background**

On the evening of August 17, 2020, Sergeant Shaun Slate and Officer Justin Garcia of the Tucumcari Police Department (TPD), responding to a report of a suspicious vehicle, found Jonathan Kurowski parked on Laughlin Avenue in Tucumcari, New Mexico. Doc. 29 at 1. The officers determined that the car had been rented from Avis by a third party, and that Mr. Kurowski was not authorized to drive it. *Id.* at 2. Finding this—and Mr. Kurowski's prevarication about his identity—suspicious, Sergeant Slate ran his K9 around the exterior of the vehicle. *Id.* The K9 alerted to the presence of drugs and Sergeant Slate seized the vehicle until he could obtain a search warrant. *Id.* Shortly thereafter, Mr. Kurowski was arrested for concealing his identity. *Id.*

While he waited for the arrival of a tow truck, Sergeant Slate conducted a tow inventory and found identification that disclosed Mr. Kurowski's real name and a stolen firearm. *Id.* Mr. Kurowski was later charged under New Mexico state law for being a felon in possession of a firearm, receiving stolen property, and concealing his identity. *Id.*

An employee of Jack's Truck Repair towed the rental car to Jack's tow yard. Once there, Sergeant Slate secured the vehicle, applied evidence tape to it, and instructed the employee that the vehicle was on police hold. *Id.* The next day, Sergeant Slate and Officer Garcia returned to Jack's and executed a search warrant on the car. *Id.* Sergeant Slate contacted Avis to inform them of the location of the vehicle, and released the police hold. *Id.* at 2–3. The vehicle remained in storage at Jack's until August 26, 2020, during which time no-one associated with Jack's accessed the vehicle. *Id.* at 3.

On August 27, 2020, the rental car was delivered to Avis in Amarillo, Texas. *Id.* The car, which contained "numerous clothing and household items," was delivered to Avis in the same

condition that it was left by the TPD officers. *Id.*

## II. Procedural Background

Mr. Kurowski originally filed his complaint on October 7, 2021, in the First Judicial District, State of New Mexico, County of Santa Fe. Doc. 1-1. Co-defendants Shaun Slate, Justin Garcia, and Matthew Lopez timely removed the case to this Court based on federal question jurisdiction on February 2, 2022. Doc. 1 at 1–2. In his complaint, Mr. Kurowski alleges that Jack's Truck Repair:

1. Violated Mr. Kurowski's constitutional rights by permitting officers to search the rental car without a search warrant, Doc. 1-1 at 5–6; and

2. Violated Mr. Kurowski's constitutional rights by negligently failing to inventory and safe-keep property contained within the rental car, *id.* at 6.

Because Mr. Kurowski is a pro se litigant, the Court construes his complaint liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court understands the above allegations to attempt to raise federal civil rights claims under 42 U.S.C. § 1983, in addition to state civil rights claims under the New Mexico Civil Rights Act, N.M. STAT. ANN. §§ 41-4A-1, *et seq.*[3]

On August 17, 2022, the Court ordered defendants to supplement the record by filing a *Martinez* report. Doc. 23. Defendants filed their *Martinez* report, which includes a statement of undisputed facts, on September 20, 2022. Doc. 29. Because Mr. Kurowski did not file a response

---

[3] The federal civil rights claims are timely: § 1983 borrows its statute of limitations from the relevant state law, in this case the 3-year limit imposed by the New Mexico Civil Rights Act. *See Desert State Life Mgmt. Servs. v. Ass'n of Retarded Citizens of Albuquerque*, 939 F. Supp. 835, 837 (D.N.M. 1996) (citing *Clark v. Musick*, 623 F.2d 89, 90 (9th Cir.1980)); N.M. STAT. ANN. §§ 41-4A-1, *et seq*. Mr. Kurowski's claims concerns events that occurred on or after August 17, 2020, and thus are well within the statute of limitations.

and thus did not dispute any facts proffered by defendants, the Court takes those facts as undisputed. *See* D.N.M. LR-Civ. 56(b) ("All material facts in the Memorandum will be deemed undisputed unless specifically controverted.").

## III. Discussion

Jack's Truck Repair asserts that all claims made against it should be dismissed. Doc. 29. Jack's first argues that Mr. Kurowski lacks standing to challenge the search of the rental car. Doc. 29 at 4–6. It then argues that Mr. Kurowski has failed to state a claim against Jack's because he does not allege state action sufficient to support claims under 42 U.S.C. § 1983 and because Jack's is not subject to the New Mexico Tort Claims Act, N.M. STAT. ANN. § 41-4-1, *et seq*. Because I agree that Mr. Kurowski fails to state a federal claim against Jack's, I do not rule on the defendant's standing argument.[4] And because I recommend that the Court decline to exercise supplemental jurisdiction over Mr. Kurowski's state claims, I recommend that those claims be remanded to state court.

Rule 56 of the Federal Rules of Civil Procedure states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for

---

[4] The Tenth Circuit has not ruled on whether an unauthorized driver of a rental car has "a cognizable Fourth Amendment [expectation of privacy]" in that car since the Supreme Court, in *Byrd v. United States*, 138 S. Ct. 1518 (2018), settled a circuit split on the issue by holding that "the mere fact that a driver in lawful possession or control of a rental car is not listed on the rental agreement will not defeat his or her otherwise reasonable expectation of privacy." *Id.* at 1530–31. Given the Court's suggestion that "one who obtains a vehicle through subterfuge" may not have a reasonable expectation of privacy in that vehicle, the facts of this case are not favorable to Mr. Kurowski's Fourth Amendment claims. *Id.* at 1529. However, the issue is not settled law.

4

the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, a dispute is genuine "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way," and it is material "if under the substantive law it is essential to the proper disposition of the claim." *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013) (internal quotation marks omitted). Initially, the party seeking summary judgment has the burden of showing that there is no genuine dispute as to any material fact. *See Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993). Once the moving party meets its burden, the non-moving party must show that genuine issues remain for trial. *Id.* In reviewing a motion for summary judgment, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *S.E.C. v. Thompson*, 732 F.3d 1151, 1156-57 (10th Cir. 2013) (internal quotation marks omitted).

> **A. Because Jack's Truck Repair is not a state actor, Mr. Kurowski does not state a claim under § 1983.**

Section 1983 authorizes private citizens to bring claims against persons who, acting under color of state law, violated federally protected rights created by statute or the Constitution. *See Hill v. Ibarra*, 954 F.2d 1516, 1520 (10th Cir. 1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation omitted). Private actors are subject to liability under § 1983 only where their unique relationship to the state renders them "state actors." The Tenth Circuit recognizes four tests, outlined by the Supreme Court, that "determine whether private actors . . . should be considered state actors: (1) the public function test, (2) the nexus test, (3) the symbiotic relationship test and (4) the joint action test." *Anderson v. Suiters*, 499 F.3d 1228, 1233 (10th Cir. 2007) (quotation omitted). To satisfy any of these tests, a § 1983 plaintiff must allege specific and atypical facts about the

relationship between the private actor and the state. *See generally Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1448–1457 (10th Cir. 1995).

As Jack's argues, Mr. Kurowski makes no such allegations. *See* Doc. 29 at 9–11. The allegations set forward in his complaint are straightforward: Jack's "failed to retrieve a legal search warrant from the Tucumcari Police Officers"; "failed to inventory and safe-keep [his] belonging from illegal activity [sic]"; and "allow[ed] the officers to search the rental car with-out physicle proof of a search warrant [sic]." Doc. 1-1 at 5–7. Nothing about these allegations hints that Jack's Truck Repair might have acted under color of state law; nor indeed does the record indicate that such allegations could have been made. Therefore, Mr. Kurowski does not state any federal claims. I recommend that the Court grant Jack's summary judgment on all federal matters.

### B. The Court should decline to exercise supplement jurisdiction over Mr. Kurowski's state claims.

Federal courts are "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal courts have the authority to hear controversies arising under federal law—federal-question jurisdiction—and controversies arising between citizens of different states—diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy. *Exxon Mobil Corp.*, 545 U.S. at 552; 28 U.S.C. § 1367(a). Federal courts may exercise pendent jurisdiction over state law claims when "state and federal claims . . . derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

"When all federal claims have been dismissed," however, "the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del*

*City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir.1998)). The Supreme Court has recognized:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*United Mine Workers*, 383 U.S. at 726. A district court does not "abuse [its] discretion" when it declines to exercise supplemental jurisdiction over a claim "under 28 U.S.C. § 1367(c)(3) . . . where it 'has dismissed all claims over which it has original jurisdiction.'" *Muller v. Culbertson*, 408 F. App'x 194, 197 (10th Cir. 2011) (unpublished). District courts usually should decline to exercise supplemental jurisdiction when 28 U.S.C. § 1367(c) applies. *See Armijo v. New Mexico*, 2009 WL 3672828, at *4 (D.N.M. 2009) (unpublished) ("The Supreme Court and the Tenth Circuit have not only acknowledged such a result, they have encouraged it.").

Here, I recommend that the Court dismiss all the federal claims against Jack's. Thus, I recommend that the Court decline to exercise supplemental jurisdiction over any state law claims against Jack's and remand those claims to state court.

## IV. Conclusion

For the reasons explained above, I recommend that the Court GRANT defendant Jack's Truck Repair's Motion for Summary Judgment (Doc. 29) and dismiss with prejudice all federal claims against Jack's. I recommend that the Court remand Mr. Kurowski's state law claims against Jack's to the First Judicial District Court for the State of New Mexico.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge